**MANATT, PHELPS & PHILLIPS, LLP**
JOHN W. McGUINNESS (SBN 277322)
E-mail: JMcGuinness@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
Facsimile: 310.312.4224

*Counsel for Defendant*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLOOM RETIREMENT HOLDINGS, INC., f/k/a AMERICAN ADVISORS GROUP, a California corporation,<br><br>Defendant. | Case No. 8:23-cv-00839-FWS-JDE<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 16, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Fred W. Slaughter<br>Crtrm: 10D<br>Filed: May 11, 2023 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT**, **on November 16, 2023, at 10:00 a.m.** or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Fred W. Slaughter, or another judge sitting in his stead, located in Courtroom 10D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516, Defendant Bloom Retirement Holdings, Inc., f/k/a American Advisors Group ("Defendant"[1]), will and does hereby respectfully move to dismiss the putative Second Amended Class Action Complaint (*see* Dkt. 28, "SAC") filed by Tamara Miller ("Plaintiff") in this matter, in its entirety and <u>with prejudice</u>, pursuant to (i) Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief, and/or (ii) Fed. R. Civ. P. 12(b)(1) for lack of federal subject matter jurisdiction due to Plaintiff's lack of standing under Article III of the U.S. Constitution.

As demonstrated in the accompanying Memorandum of Points and Authorities, the SAC should be dismissed in its entirety because Plaintiff fails to plead adequate facts, in accordance with federal pleadings standards, supporting a plausible claim for relief under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, or demonstrating her Article III standing to seek such relief. Specifically, Plaintiff fails to plead sufficient non-conclusory facts supporting or demonstrating, *inter alia*: (i) Defendant's direct or vicarious liability under the TCPA, (ii) the other essential elements of her asserted claims under Sections 227(b) or 227(c) of the TCPA, or (iii) that she satisfies the requisite elements for standing under Article III to bring her claims or to seek injunctive relief. Thus, the SAC is subject to dismissal in its entirety on any one or all of these grounds under Rules 12(b)(6) and/or 12(b)(1). Further, as the SAC represents Plaintiff's third defective pleading in this case, she should not be afforded a fourth opportunity and, therefore, the entire SAC would be dismissed with prejudice.

---

[1] For convenience purposes, Defendant's former name is referred to in the supporting Memorandum below as "American Advisors Group" or "AAG" where applicable.

1       This Motion is based on this Notice of Motion and Motion, the incorporated

2   Memorandum of Points and Authorities below, all papers on file herein, all matters

3   subject to judicial notice, and any argument or evidence that may be presented to or

4   considered by the Court prior to ruling.

5       This Motion is made following the conference of counsel pursuant to L.R. 7-3,

6   which took place on October 4, 5, 6, and 9, 2023, via email and telephone. The parties

7   were unable to reach an agreement thereon and, as such, this Motion is opposed.

8

9   Dated:  October 11, 2023          Respectfully submitted,

10                                       **MANATT, PHELPS & PHILLIPS, LLP**

11

12                                     By: /s/ John W. McGuinness

13                                         John W. McGuinness

14                                       *Counsel for Defendant*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................. 1

II.     RELEVANT ALLEGATIONS.............................................................. 3

III.    APPLICABLE LEGAL STANDARDS ................................................ 5

        A.     Fed. R. Civ. P. 12(b)(6): Failure to State a Claim For Relief ............ 5

        B.     Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction ............ 7

IV.     ARGUMENT ........................................................................................ 7

        A.     The SAC Should Be Dismissed Under Rule 12(b)(6) Because
               Plaintiff Fails To Plead a Viable Theory of TCPA Liability. ............. 8

               1.     Plaintiff Fails to Plausibly Allege Direct TCPA Liability......... 8

               2.     Plaintiff Fails to Plausibly Allege Vicarious TCPA
                      Liability. ............................................................. 13

        B.     Plaintiff Also Fails to Plead Facts Supporting Essential
               Elements of Her Claim Under Section 227(b) of the TCPA
               (Count I)................................................................................ 17

        C.     Plaintiff Also Fails to Plead Facts Supporting Essential
               Elements of Her Claim Under Section 227(c) of the TCPA
               (Count II)............................................................................... 21

        D.     The SAC Should Also Be Dismissed under Rule 12(b)(1) for
               Lack of Federal Subject Matter Jurisdiction / Article III Standing. ..... 23

        E.     Any Dismissal Should Be With Prejudice........................................ 25

V.      CONCLUSION .................................................................................... 25

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aaronson v. CHW Grp., Inc.*,
  2019 WL 8953349 (E.D. Va. Apr. 15, 2019) ..................................... 10, 11, 20

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
  2018 WL 288055 (N.D. Cal. Jan. 4, 2018) .................................... 8, 10, 11, 12

*Anderson v. Wells Fargo Bank, Nat'l Ass'n*,
  2021 WL 7186811 (D. Or. Dec. 10, 2021), *report and rec. adopted sub
  nom.*, 2022 WL 595736 (Feb. 28, 2022) ........................................ 18

*Anyaebunam v. ARS Account Resolution, LLC, et al.*,
  2021 WL 4775146 (D.N.J. Oct. 13, 2021) ...................................... 18

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................... 5, 13

*Aspen v. Newsom*,
  2010 WL 2721458 (N.D. Cal. July 7, 2010) ..................................... 23

*Austria v. Alorica, Inc.*,
  2021 WL 5968404 (C.D. Cal. Dec. 16, 2021) ................................... 18

*Azadpour v. Sun Microsystems, Inc.*,
  2007 WL 2141079 (N.D. Cal. July 23, 2007) ................................. 6, 12

*Bank v. Philips Elecs. N. Am. Corp.*,
  2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015) .................................. 9, 12, 13

*Bank v. Vivint Solar, Inc.*,
  2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*,
  2019 WL 1306064 (Mar. 22, 2019) ............................................ 14

*Barker v. Sunrun Inc.*,
  2019 WL 1983291 (D.N.M. Apr. 29, 2019) .................................... 16

*Barnes v. SunPower Corp.*,
  2023 WL 2592371 (N.D. Cal. Mar. 16, 2023) ................................ 10, 15, 16

*Batzel v. Smith*,
  333 F.3d 1018 (9th Cir. 2003) .............................................. 16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................... 5, 6, 13

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**TABLE OF AUTHORITIES**<br/>(cont'd.)

**Page**

*Bennett v. Celtic Ins. Co.*,
   2022 WL 865837 (N.D. Ill. Mar. 23, 2022)................................................. 9, 12

*Borden v. eFinancial, LLC*,
   2021 WL 3602479 (W.D. Wash. Aug. 13, 2021), *aff'd*, 53 F.4th 1230 (9th
   Cir. 2022)............................................................................................ 18

*Brickman v. U.S.*,
   56 F.4th 688 (9th Cir. 2022)..................................................................... 18

*Brodish v. New Elec. Fresno, LLC*,
   2021 WL 3914259 (C.D. Cal. July 13, 2021)............................................... 16

*Brownlee v. Allstate Ins. Co.*,
   2021 WL 4306160 (N.D. Ill. Sept. 22, 2021) ............................................... 9

*Canary v. Youngevity Int'l, Inc.*,
   2019 WL 1275343 (N.D. Cal. Mar. 20, 2019)................................... 10, 15, 16

*Caruso v. Cavalry Portfolio Svcs.*,
   2019 WL 4747679 (S.D. Cal. Sept. 30, 2019).........................................19, 20

*Colony Cove Properties, LLC v. City of Carson*,
   640 F.3d 948 (9th Cir. 2011).................................................................... 6

*Curry v. Synchrony Bank, N.A.*,
   2015 WL 7015311 (S.D. Miss. Nov. 12, 2015) ............................................ 20

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010).................................................................... 6

*Doyle v. GoHealth, LLC*,
   2023 WL 3984951 (D.N.J. Mar. 30, 2023)................................................... 12

*Eggleston v. Reward Zone USA LLC*,
   2022 WL 886094 (C.D. Cal. Jan. 28, 2022) .................................... 18, 19, 23

*Fabricant v. Elavon, Inc.*,
   2020 WL 11884505 (C.D. Cal. Aug. 25, 2020)................................. 14, 15, 16

*Facebook v. Duguid*,
   141 S. Ct. 1163, 1170, 1173 (2021)............................................. 17, 18, 19

*Forney v. Hair Club for Men Ltd., Inc.*,
   2017 WL 4685549 (C.D. Cal. June 26, 2017) ......................................... 6, 12

*Frame v. Cal-W. Reconveyance Corp.*,
   2011 WL 3876012 (D. Ariz. Sept. 2, 2011)................................................. 25

MANATT, PHELPS &<br/>PHILLIPS, LLP<br/>ATTORNEYS AT LAW<br/>SAN FRANCISCO

iii

**TABLE OF AUTHORITIES**
(cont'd.)

Page

*Frank v. Cannabis & Glass, LLC,*
   2019 WL 4855378 (E.D. Wash. Oct. 1, 2019)....................................9, 10, 11

*Freidman v. Massage Envy Franchising, LCC,*
   2013 WL 3026641 (S.D. Cal. June 13, 2013).......................................... 7, 24

*Gillam v. Reliance First Capital, LLC,*
   2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023)..................................17, 21, 24

*Gross v. GG Homes, Inc.,*
   2021 WL 4804464 (S.D. Cal. Oct. 14, 2021) ............................................. 18

*Gulden v. Consol. World Travel Inc.,*
   2017 WL 3841491 (D. Ariz. Feb. 15, 2017)............................................... 17

*Hale v. Teledoc Health, Inc.,*
   2021 WL 1163925 (S.D.N.Y. Mar. 25, 2021) ............................................ 17

*Hamilton v. El-Moussa,*
   2020 WL 2614625 (C.D. Cal. Feb. 10, 2020)..........................................11, 15

*Hamilton v. El-Moussa,*
   2020 WL 8993127 (C.D. Cal. Apr. 30, 2020)....................................9, 10, 16

*Hernandez v. Select Portfolio, Inc.,*
   2015 WL 3914741 (C.D. Cal. June 25, 2015) ............................................ 13

*Hicks v. Alarm.com,*
   2020 WL 9261758 (E.D. Va. Aug. 6, 2020)...............................7, 21, 22, 24

*Hufnus v. DoNotPay, Inc.,*
   2021 WL 2585488 (N.D. Cal. June 24, 2021) ............................................ 18

*In re Dish Network, LLC,*
   28 FCC Rcd. 6574 (2013) ............................................................................ 9

*In re Gilead Scis. Sec. Litig.,*
   536 F.3d 1049 (9th Cir. 2008) ..................................................................... 6

*In re Monitronics Int'l, Inc., TCPA Litig.,*
   223 F. Supp. 3d 514 (N.D.W.Va. 2016), *aff'd sub nom.,* 885 F.3d 243 (4th
   Cir. 2018).................................................................................................... 14

*In re Rules and Regs. Implementing the TCPA,*
   30 FCC Rcd. 7961 (Jul. 10, 2015) .........................................................10, 17

*IV Sols., Inc. v. Empire Healthchoice Assurance, Inc.,*
   2020 WL 5802017 (C.D. Cal. Sept. 29, 2020)...............................6, 12, 15, 16

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**
**(cont'd.)**

Page

*Jackson v. Caribbean Cruise Line, Inc.*,
  88 F. Supp. 3d 129 (E.D.N.Y. 2015).............................................................. 15

*Johansen v. Vivant, Inc.*,
  2012 WL 6590551 (N.D. Ill. Dec. 18, 2012).................................................... 20

*Jones v. Nutiva, Inc.*,
  2017 WL 3617104 (N.D. Cal. Aug. 23, 2017).................................................. 24

*Jones v. Royal Admin. Servs., Inc.*,
  866 F.3d 1100 (9th Cir. 2017)........................................................................ 13

*Jones v. Royal Admin. Servs., Inc.*,
  887 F.3d 443 (9th Cir. 2018)......................................................................13, 14

*Katz v. CrossCountry Mortg., LLC*,
  2022 WL 16950481 (N.D. Ohio Nov. 15, 2022)............................................. 23

*Kemen v. Cincinnati Bell Tel. Co., Inc.*,
  2023 WL 361136 (S.D. Ohio Jan. 23, 2023) .................................................. 21

*Kristensen v. Credit Payment Servs.*,
  12 F. Supp. 3d 1292 (D. Nev. 2014) ............................................................. 14

*Landy v. Nat. Power Sources, LLC*,
  2021 WL 3634162 (D.N.J. Aug. 17, 2021) .................................................... 16

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001)............................................................................ 5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  572 U.S. 118 (2014) ................................................................................... 7, 24

*Linlor v. Five9, Inc.*,
  2017 WL 5885671 (S.D. Cal. Nov. 29, 2017) .....................................14, 15, 16

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................... 7, 24

*Manopla v. Sansone Jr's 66 Automall*,
  2020 WL 1975834 (D.N.J. Jan. 10, 2020)...................................................... 20

*Mantha v. QuoteWizard.com, LLC*,
  2022 WL 325722 (D. Mass. Feb. 3, 2022)...................................................... 22

*Massey v. Biola Univ., Inc.*,
  2020 WL 2476173 (C.D. Cal. Apr. 10, 2020), *report and rec. adopted*,
  2020 WL 2468765 (May 13, 2020) .................................................................. 6

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1

2

**TABLE OF AUTHORITIES**
(cont'd.)

**Page**

3

4

*Meeks v. Buffalo Wild Wings, Inc.*,
   2018 WL 1524067 (N.D. Cal. Mar. 28, 2018)..........................................14, 15

5

*Meier v. Allied Interstate LLC*,
   2022 WL 171933 (9th Cir. Jan. 19, 2022)................................................18, 19

6

7

*Melito v. Am. Eagle Outfitters, Inc.*,
   2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015) ................................................ 14

8

9

*Metzler v. Pure Energy USA LLC*,
   2023 WL 1779631 (S.D.N.Y. Feb. 6, 2023)................................................... 10

10

*Miller v. Time Warner Cable Inc.*,
   2016 WL 7471302 (C.D. Cal. Dec. 27, 2016) ..........................................23, 25

11

12

*Moore v. Way FM Media Grp. Inc.*,
   2012 WL 13012659 (C.D. Cal. June 20, 2012)................................................ 7

13

*Morgan v. U.S. Xpress, Inc.*,
   2018 WL 3580775 (W.D. Va. July 25, 2018)................................................. 21

14

15

*Naiman v. Freedom Forever, LLC*,
   2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) ..........................................15, 21

16

*Naiman v. TranzVia LLC*,
   2017 WL 5992123 (N.D. Cal. Dec. 4, 2017)......................................13, 15, 16

17

18

*nexTUNE, Inc. v. McKinney*,
   2013 WL 2403243 (W.D. Wash. May 31, 2013) ............................................. 6

19

20

*Pascal v. Agentra, LLC*,
   2019 WL 5212961 (N.D. Cal. Oct. 16, 2019)......................................8, 10, 16

21

*Peters v. Hollie*,
   2019 WL 1556661 (E.D. Cal. Apr. 10, 2019) ................................................. 6

22

23

*Priester v. eDegreeAdvisor, LLC*,
   2017 WL 4237008 (N.D. Cal. Sept. 25, 2017)............................................... 19

24

*Reddy v. Litton Indus., Inc.*,
   912 F.2d 291 (9th Cir. 1990)............................................................................. 6

25

26

*Reo v. Caribbean Cruise Line, Inc.*,
   2016 WL 1109042 (N.D. Ohio Mar. 18, 2016)............................................... 20

27

28

*Rodriguez v. Sony Comput. Entm't Am., LLC*,
   801 F.3d 1045 (9th Cir. 2015) .......................................................................... 6

**TABLE OF AUTHORITIES**
(cont'd.)

Page

*Rogers v. Assurance IQ, LLC*,
   2023 WL 2646468 (W.D. Wash. Mar. 27, 2023)................................ 14, 20, 21

*Rogers v. Postmates Inc.*,
   2020 WL 3869191 (N.D. Cal. July 9, 2020)................................... 8, 10, 15, 16

*Salaiz v. eHealthInsurance Srvs., Inc.*,
   2023 WL 2622138 (N.D. Cal. Mar. 22, 2023).................................... 10, 11, 15

*Samataro, et al. v. Keller Williams Realty, Inc., et al.*,
   2021 WL 4927422 (W.D. Tex. Sept. 27, 2021)............................................. 19

*Saragusa v. Countrywide*,
   2016 WL 1059004 (E.D. La. Mar. 17, 2016), *aff'd* 707 F.App'x 797 (5th
   Cir. 2017)........................................................................................................ 20

*Satterfield v. Simon & Schuster, Inc.*,
   569 F.3d 946 (9th Cir. 2009)......................................................................... 9, 21

*Schaevitz v. Braman Hyundai, Inc.*,
   437 F. Supp. 3d 1237 (S.D. Fla. 2019)............................................................ 25

*Sheski v. Shopify (USA) Inc.*,
   2020 WL 2474421 (N.D. Cal. May 13, 2020) ................................................ 9, 10

*Simon v. Eastern Ky. Welfare Rights Org.*,
   426 U.S. 26 (1976) ......................................................................................... 24

*Smith v. Direct Building Supplies, LLC*,
   2021 WL 4623275 (E.D. Pa. Oct. 7, 2021)..................................................... 11

*Smith v. Pro Custom Solar LLC*,
   2021 WL 141336 (D.N.J. Jan. 15, 2021)............................................... 19, 20, 21

*Smith v. Vision Solar LLC*,
   2020 WL 5632653 (E.D. Pa. Sept. 21, 2020) ........................................... 21, 22

*Spokeo, Inc. v. Robins*,
   136 S.Ct. 1540 (2016)..................................................................................... 7

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ......................................................................................... 24

*Stewart v. Network Cap. Funding Corp.*,
   2021 WL 3088011 (C.D. Cal. July 16, 2021)................................................. 18

*Tehrani v. Joie De Vivre Hospitality, LLC*,
   2021 WL 3886043 (N.D. Cal. Aug. 31, 2021)................................................ 18

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
San Francisco

vii

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**TABLE OF AUTHORITIES**
(cont'd.)

**Page**

*Thomas v. Taco Bell Corp.*,
  582 F.App'x 678 (9th Cir. 2014)............................................................ 8, 9

*Trumper v. GE Capital Retail Bank*,
  2014 WL 7652994 (D.N.J. July 7, 2014) ...................................................... 20

*Warnick v. Dish Network LLC*,
  301 F.R.D. 551 (D. Colo. 2014) ............................................................ 22

*Washington Env't Council v. Bellon*,
  732 F.3d 1131 (9th Cir. 2013)..........................................................23, 24

*Whitmore v. Federal Election Comm'n*,
  68 F.3d 1212 (9th Cir. 1995)............................................................. 23

*Wick v. Twilio Inc.*,
  2017 WL 2964855 (W.D. Wash. July 12, 2017).......................................... 9, 12

*Wilbor v. GG Homes, Inc.*,
  2022 WL 867024 (S.D. Cal. Mar. 22, 2022) .............................................. 18

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) ............................................................ 6

*Wilson v. Rater8, LLC, et al.*,
  2021 WL 4865930 (S.D. Cal. Oct. 18, 2021) ............................................ 18

*Winters v. Quicken Loans Inc.*,
  2020 WL 5292002 (D. Ariz. Sept. 4, 2020)............................................... 20

**STATUTES**

47 U.S.C. § 227(b) ...................................................................... passim

47 U.S.C. § 227(b)(1)(A)(iii) ............................................................... 8

47 U.S.C. § 227(c)............................................................ 1, 2, 21, 22

47 U.S.C. § 227(c)(5) ................................................................. 8, 21

**OTHER AUTHORITIES**

47 C.F.R. § 64.1200(a)..................................................................... 8

47 C.F.R. § 64.1200(c)(2)............................................................. 8, 21

47 C.F.R. § 64.1200(f)(15) ............................................................... 22

Restatement (3d) of Agency § 1.01 ...................................................... 13

S. Rep. No. 102-178 (1991)............................................................... 21

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

viii
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's SAC, filed in response to Defendant's previous motion to dismiss (*see* Dkt. 23), does not cure any of the fatal pleading defects of its predecessor, made those defects worse by adding a new equally-faulty claim, and is equally ripe for dismissal. In it, Plaintiff still does little more than allege, in an entirely conclusory fashion and without any requisite factual support, that Defendant violated the TCPA—including the "automated" call restrictions in 47 U.S.C. § 227(b) like she claimed before (Count I), and now also the National "Do-Not-Call" ("DNC") Registry provisions in 47 U.S.C. § 227(c) (Count II). These claims rest squarely on a handful of ill-described calls, allegedly made to her cellular phone number (which she now claims is on the National DNC Registry) by someone using an "automatic telephone dialing system" (a.k.a. "autodialer" or "ATDS") and/or a "prerecorded" voice without her consent. Despite her scant amendments to her prior pleading, however, Plaintiff still fails to plead sufficient (or any) non-conclusory facts supporting a plausible inference that Defendant bears any legal responsibility for those calls, let alone that those calls even violated the TCPA in the first instance.

Regardless, merely regurgitating the legal elements of a claim without supporting facts, as Plaintiff's SAC continues to do in this case, does not comply with federal pleading standards and cannot avoid dismissal in any federal case. Moreover, as the SAC represents Plaintiff's third failed attempt to state a plausible claim against Defendant here, and she made no effort to address the many pleading defects outlined in Defendant's previous motion, she should not be afforded a fourth opportunity, which will surely result in another fatally-flawed pleading. Accordingly, Plaintiff's entire SAC should be dismissed with prejudice for at least the following reasons:

**First**, the SAC should be dismissed under Rule 12(b)(6), as Plaintiff fails to state a plausible claim under the TCPA or to plead adequate facts supporting such a claim. For starters, to successfully plead *any* TCPA claim and avoid dismissal, all

plaintiffs must first allege a viable theory of liability—*i.e.,* direct or vicarious liability. Here, Plaintiff still fails to plead sufficient, non-conclusory facts supporting a plausible inference either that Defendant: (i) itself, and not a third party, "physically" took any steps to place any calls to her, as is required to plead direct TCPA liability; or (ii) was in a common law agency with (the touchstone of which is "control" over) any third party who did physically call her and that party's call campaign,[2] as is required to plead vicarious TCPA liability. This defect ***alone*** is fatal to Plaintiff's ***entire*** SAC under the weight of applicable authority. Indeed, myriad courts in and beyond the Ninth Circuit have recognized that simply taking an "either/or" pleading approach and concluding a "defendant or its agent called me" (like Plaintiff has done here) is insufficient to avoid dismissal of a TCPA claim at the pleadings stage on these bases under Rule 12(b)(6). The Court should rule similarly in the present case, and dismiss Plaintiff's SAC.

      __Second__, as to Count I, the SAC remains devoid of any facts supporting Plaintiff's conclusory allegations that any call she received was made using an ATDS or involved a "pre-recorded voice," as is also required to state a claim under Section 227(b) of the TCPA. While courts do not expect a plaintiff to know the exact technical specifications at this stage, they have consistently held that plaintiffs must plead actual facts supporting an inference that such technology was actually used, and cannot simply parrot the language of the statute. The latter is all that Plaintiff still does here.

      __Third__, as to her new Count II, Plaintiff's attempt to add a National DNC Registry claim under Section 227(c) of the TCPA falls flat. That is because Plaintiff fails to plead any facts supporting the other essential elements of such a claim, including that (i) she received more than one "telephone solicitation" that was physically placed "by or on behalf of the same entity" in a 12-month period, or (ii) she qualifies as a "residential telephone subscriber" entitled to bring such a claim.

      __Lastly__, in addition to dismissal under Rule 12(b)(6), the Court should also

---

[2] As discussed below, general "control" over an agent is insufficient, and what matters in a TCPA case is control over how the call campaign was conducted specifically.

dismiss Plaintiff's entire SAC under Rule 12(b)(1) because Plaintiff still fails to plead sufficient (or any) facts that satisfy at least two of the requisite elements for showing standing under Article III of the U.S. Constitution—*i.e.,* causation and redressability.[3] In this regard, Plaintiff does not plead sufficient facts tracing any alleged unlawful conduct or harm to any act by Defendant itself, as opposed to some third party not before this Court, despite having amended her pleading; and Defendant cannot possibly redress harm caused by unidentified third parties. Additionally, Plaintiff's requests for injunctive relief also must be dismissed under Rule 12(b)(1), at the very minimum, because she does not allege any threat of future injury, as required for Article III standing to seek injunctive relief in any federal case.

## II.    <u>RELEVANT ALLEGATIONS</u>

Despite having amended, Plaintiff added very little to her SAC beyond a new claim. Indeed, like before, her SAC contains virtually no actual facts, beyond her bald conclusions, supporting her TCPA claims. Instead, the ***sum total*** of the relevant and remotely "factual" (but still improperly conclusory) allegations pled in support of her claims appear in just six paragraphs (¶¶ 21-25, 37), and are restated verbatim below:

- "Plaintiff registered her cellphone number on the National Do Not Call Registry on April 25, 2020."

- "On June 16, 2020, Plaintiff answered a telephone call placed to Plaintiff's cellphone (with a number ending in 5895) from (985) 228-9301, and was greeted by a pre-recorded voice. The pre-recorded voice asked how much Plaintiff paid on her mortgage and the amount remaining on the mortgage. This call was placed by or on behalf of AAG, for AAG's benefit."

- "Plaintiff received four (4) additional prerecorded calls from or on behalf of AAG. These calls were received on June 17, 2020, June 23, 2020, June 29, 2020, and July 7, 2020."

- "Plaintiff also received two (2) 'live' calls from AAG, from the number 225-224-6948, both placed on June 23, 2020. After one of

---

[3] Though not addressed below, Defendant does not concede, and indeed disputes, that Plaintiff has suffered (or pled) a concrete and particularized "injury-in-fact" as also required for Article III standing and thus reserves the right to address this issue later.

these calls, Plaintiff received an email from the email address contactus@learn.americanadvisorsgroup.com."[4]

- "Plaintiff has never provided her prior express written consent for Defendant to call her using an autodialer or a pre-recorded voice."

- "Defendant made the prerecorded calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers."

Rather, Plaintiff's SAC is more notable for what facts it does <u>not</u> contain, as opposed to what few (if any) facts it does. For example, even after having amended her prior pleading, Plaintiff still does <u>not</u> allege, *inter alia*, that: (i) Defendant owned or used either of the two phone numbers purportedly used to call her, much less who actually does own or use those numbers; (ii) "American Advisors Group" or "AAG" was identified in any fashion during any call, or that those words were even said for that matter; (iii) she was offered any AAG products and services on any call; (iv) she has any factual basis for concluding that any call involved a "pre-recorded voice" as opposed to a live person speaking; (v) she even answered the four "additional" calls, such that she could plausibly allege they involved a "prerecorded" voice at all; or (vi) she has any factual basis supporting her conclusion that a "predictive dialer" was used, let alone that a "random or sequential number generator" was used, to call her.

Further, not only does Plaintiff's SAC still contain many internally contradictory (and thus inherently implausible) allegations, but it also contains new allegations directly contradicting those from her previous pleading (*see* Dkt. 17)— all of which belies her bald conclusions that Defendant was responsible for the calls at issue here. For example, while Plaintiff added a vague allegation about an email she purportedly received from someone using a "learn.americanadvisorsgroup.com"

---

[4] Tellingly, the content of this purported email is not provided, nor is it attached.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law

email address after one call (*see* Dkt. 28, ¶ 24), presumably so she can try to argue direct liability, she added an equally vague and conclusory allegation about a "third party" whom she speculates may have "made the calls … on behalf of Defendant" and was acting "at Defendant's direction and control" (*id*. ¶ 20). Similarly, while Plaintiff's SAC still suggests that Defendant itself "made the prerecorded calls" using a "predictive dialer" (¶ 37), it still concludes elsewhere several times, with no factual support, that the calls were made by an unidentified "third party" acting "on behalf of" Defendant, rather than Defendant itself (*e.g.*, ¶¶ 17, 20, 22, 29, 44, 45). While Plaintiff still alleges in her SAC that the supposed "pre-recorded voice" for some (but not all) of the calls "asked how much [she] paid on her ***mortgage*** and the amount remaining on the ***mortgage***" and (albeit inaccurately) that AAG "engage[d] in the practice of manufacturing and offering financing options including ***reverse mortgages*** to homeowners" (*id*., ¶¶ 1, 22), she had <u>previously</u> averred the "calls were for telemarketing purposes and announced the commercial availability of Defendant's ***hearing aid goods and services***" (Dkt. 17, ¶ 34) (emphasis added).[5]

As shown below, these allegations are woefully inadequate on many levels.

## III.   APPLICABLE LEGAL STANDARDS

### A.   Fed. R. Civ. P. 12(b)(6): Failure to State a Claim For Relief

Rule 12(b)(6) provides for dismissal for failing to state a claim for relief. Any claim brought in federal court mandates the pleading of sufficient facts. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Id*. Naked allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotations omitted). A "formulaic recitation of the elements" of a claim is likewise insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also id.*

---

[5] The Court may (and should) properly take judicial notice of Plaintiff's prior pleadings under Rule 12(b)(6). *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.") (citation omitted).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

(pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Rather, "[t]o survive a Rule 12(b)(6) dismissal, a complaint must allege enough specific facts to provide both 'fair notice' of the particular claim being asserted and 'the grounds upon which it rests.'" *Massey v. Biola Univ., Inc.,* 2020 WL 2476173, at *5 (C.D. Cal. Apr. 10, 2020), *report and rec. adopted,* 2020 WL 2468765 (May 13, 2020) (quoting *Twombly,* 550 U.S. at 555 & n.3).

Under this rule, the Court "accepts factual allegations in the [SAC] as true and construes the pleadings in the light most favorable" to Plaintiff. *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). But it need <u>not</u> accept as true allegations that, like Plaintiff's, "are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.4 (9th Cir. 2012); *see also nexTUNE, Inc. v. McKinney*, 2013 WL 2403243, at *4 (W.D. Wash. May 31, 2013) ("[S]peculation unsupported by any factual allegation is insufficient to survive a motion to dismiss under 12(b)(6).") (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)).

Moreover, the Court also need not accept as true allegations in an amended pleading that directly contradict those averred in Plaintiff's previous pleadings, and in fact may strike the changed allegations as "false or sham." *Azadpour v. Sun Microsystems, Inc.,* 2007 WL 2141079, at *2, n.2 (N.D. Cal. July 23, 2007); *IV Sols., Inc. v. Empire Healthchoice Assurance, Inc.,* 2020 WL 5802017, at *2 (C.D. Cal. Sept. 29, 2020); *see also Forney v. Hair Club for Men Ltd., Inc.,* 2017 WL 4685549, at *3 (C.D. Cal. June 26, 2017) (applying rule in TCPA case); *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296–97 (9th Cir. 1990) (an "amended complaint may only allege other facts consistent with the challenged pleading"). The Court may also "look to prior pleadings [and exhibits attached thereto] in determining the plausibility of an amended complaint." *Peters v. Hollie*, 2019 WL 1556661, at *5, n.3 (E.D. Cal. Apr. 10, 2019) (citing *Rodriguez v. Sony Comput. Entm't Am., LLC,* 801 F.3d 1045, 1054 (9th Cir. 2015) and *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

**B.    Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction**

Rule 12(b)(1) provides for dismissal of a complaint where, as here, there is a lack of subject matter jurisdiction. In this regard, Article III of the U.S. Constitution confers on the federal judiciary the power to adjudicate certain cases and controversies. To establish Article III standing, (i) a plaintiff must have suffered a concrete and particularized "injury in fact"; (ii) there must be a causal connection between the injury and the conduct complained of (*i.e.,* "causation" or "traceability"); and (iii) the injury must be capable of being redressed by a favorable decision (*i.e.,* "redressability"). *See, e.g., Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 125 (2014); *see also Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (party invoking federal subject matter jurisdiction has the burden of establishing standing).

Like under Rule 12(b)(6), conclusory allegations without supporting facts do not sufficiently demonstrate Article III standing under Rule 12(b)(1). *See, e.g., Moore v. Way FM Media Grp. Inc.,* 2012 WL 13012659, at *7 (C.D. Cal. June 20, 2012) (citations omitted). *See also Freidman v. Massage Envy Franchising, LCC*, 2013 WL 3026641, at *4 (S.D. Cal. June 13, 2013) (holding that TCPA plaintiff lacked Article III standing where did not allege facts from which the court could "infer direct or vicarious liability"); *Hicks v. Alarm.com*, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing putative TCPA class action under 12(b)(1) and 12(b)(6), holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" under Article III).

## IV.    ARGUMENT

Count I of the SAC (*see* ¶¶ 36-40) seeks relief under Section 227(b) of the TCPA and its related implementing regulations, which together provide, in pertinent part, that no person shall "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system [more commonly, an "autodialer" or "ATDS"] *or*

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

an artificial *or* prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(1) & (2) (emphasis added). Count II of the SAC (*see* ¶¶ 42-47) now seeks relief under the TCPA's National DNC Registry provision which, along with its related implementing regulations, prohibits *inter alia* the "initiat[ion]" of more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). As demonstrated below, however, Plaintiff fails to plead any facts supporting the essential elements of such claims despite her amendments. She still relies instead primarily (if not exclusively) on unsupported conclusions, contradictory allegations, and recitations of the law in order to foist unwarranted TCPA liability on Defendant. That is insufficient to state <u>any</u> claim for relief in any federal court, and thus the entire SAC here should be dismissed under Rule 12(b)(6).

### A.   <u>The SAC Should Be Dismissed Under Rule 12(b)(6) Because Plaintiff Fails To Plead a Viable Theory of TCPA Liability.</u>

### 1.   **Plaintiff Fails to Plausibly Allege Direct TCPA Liability.**

As an initial matter, there are two basic theories of potential TCPA liability, which must be sufficiently pled to state any TCPA claim under any provision: direct and vicarious liability. *See, e.g., Rogers v. Postmates Inc.*, 2020 WL 3869191, at *3 (N.D. Cal. July 9, 2020) (citing *Thomas v. Taco Bell Corp.,* 582 F.App'x 678, 679 (9th Cir. 2014)). In other words, "[f]or a person to 'make' [or 'initiate'] a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Pascal v. Agentra, LLC,* 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018)). As to the former, it is well-accepted that direct liability under the TCPA applies <u>only</u> to persons or entities that "make" or "initiate" calls, which in turn means the defendant "***tak[ing]***

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

1  ***the steps necessary to physically place***" a call or send a text message. *Sheski v.*
2  *Shopify (USA) Inc.,* 2020 WL 2474421, at \*2 (N.D. Cal. May 13, 2020) (citing *In re*
3  *Dish Network, LLC,* 28 FCC Rcd. 6574, 6583 ¶ 26 (2013) (emphasis added)).[6]
4  *Accord Hamilton v. El-Moussa,* 2020 WL 8993127, at \*2 (C.D. Cal. Apr. 30, 2020)
5  (dismissing on this basis under Rule 12(b)(6) and citing, *inter alia*, *Thomas*).

6         Additionally, it is also well-settled that any TCPA plaintiff hoping to allege a
7  viable direct liability TCPA claim and to survive a motion to dismiss must offer much
8  more than barebones legal conclusions and speculation that the defendant "made" or
9  "initiated" the calls or texts at issue. *See, e.g., Sheski,* 2020 WL 2474421, at \*2-4;
10  *Frank v. Cannabis & Glass, LLC,* 2019 WL 4855378, at \*2 (E.D. Wash. Oct. 1,
11  2019).[7] Calls allegedly made "on behalf" of a defendant are not enough to hold a
12  defendant <u>directly</u> liable under the TCPA, either. *See, e.g., Bennett v. Celtic Ins. Co.,*
13  2022 WL 865837, at \*3 (N.D. Ill. Mar. 23, 2022) (dismissing, holding "a defendant
14  'generally does not [physically] initiate calls [within the meaning of the TCPA] placed
15  by third-party telemarketers,' even if the third party had acted on its behalf") (citation
16  omitted); *Wick v. Twilio Inc.,* 2017 WL 2964855, at \*3 (W.D. Wash. July 12, 2017)
17  ("[M]erely offering a good or service for sale does not mean that a retailer initiates the
18  marketing calls for that product"); *Bank v. Philips Elecs. N. Am. Corp.,* 2015 WL
19  1650926, at \*2 (E.D.N.Y. Apr. 14, 2015) (allegations the at-issue calls were "made
20  by, or on behalf of, or with the authorization of, an authorized dealer of [defendant]"
21  were "too conclusory to state a plausible claim" for direct TCPA liability).

22  _____

23  [6] Plaintiff does not allege she received any texts, which are generally considered "calls"
24  under the TCPA. *See Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 952 (9th Cir. 2009). However, the text cases cited herein are relevant and equally applicable.

25  [7] While various provisions of the TCPA use the terms "make" and "initiate" fairly
26  interchangeably, federal courts evaluating (and ultimately dismissing) direct TCPA liability claims similar to Plaintiff's, like those cited herein and many others, have
27  uniformly held that "make" or "initiate" means to "physically" place the at-issue calls. *See also Brownlee v. Allstate Ins. Co.,* 2021 WL 4306160, at \*1 (N.D. Ill. Sept. 22,
28  2021) (holding "[a]t the very minimum, plaintiff must allege … that defendant [physically] made each call that she seeks to hold it liable for" or face dismissal).

1   Instead, for direct TCPA liability to attach to Defendant in this case, Plaintiff

2   would need to plausibly allege actual specific facts, and not just bald conclusions, in

3   her SAC suggesting that ***Defendant itself literally*** called her ***directly***. *See, e.g., Metzler*

4   *v. Pure Energy USA LLC*, 2023 WL 1779631, at *6 (S.D.N.Y. Feb. 6, 2023) (holding

5   that, to avoid dismissal on this basis, plaintiffs must "allege facts from which the Court

6   can plausibly infer that [d]efendant has direct liability, even if it is also plausible that

7   a third party made the call"); *In re Rules and Regs. Implementing the TCPA*, 30 FCC

8   Rcd. 7961, 7980 (Jul. 10, 2015) (ruling that there must be a "direct connection between

9   a person or entity and the making of a call" for direct TCPA liability).

10  Thus, applying these core principles, federal courts in the Ninth Circuit and

11  across the country have routinely dismissed TCPA complaints at the pleadings stage

12  under Rule 12(b)(6) on direct liability grounds that, like Plaintiff's SAC here, lack

13  such facts. *See, e.g., Sheski, Postmates, Abante, Pascal*, *Hamilton,* and *Frank*, *supra*;

14  *see also Barnes v. SunPower Corp.,* 2023 WL 2592371, at *3 (N.D. Cal. Mar. 16,

15  2023) (dismissing on direct liability grounds where plaintiffs did not plausibly allege

16  the "[d]efendant itself" made the calls); *Salaiz v. eHealthInsurance Srvs., Inc.,* 2023

17  WL 2622138, at *3 (N.D. Cal. Mar. 22, 2023) (dismissing on this basis where plaintiff

18  did not allege the defendant "made the calls directly" to plaintiff); *Canary v.*

19  *Youngevity Int'l, Inc.*, 2019 WL 1275343, at *3 (N.D. Cal. Mar. 20, 2019) (dismissing

20  on this basis where allegations were "insufficient to support a plausible inference that

21  [the defendant itself] made the call"); *Aaronson v. CHW Grp., Inc.,* 2019 WL

22  8953349, at *2 (E.D. Va. Apr. 15, 2019) (dismissing where plaintiff "failed to plead

23  facts sufficient to support a theory of direct liability under the TCPA because

24  plaintiff's allegations d[id] not show plausibly that defendant actually, physically

25  initiated the telephone calls at issue"). This Court should do the same in this case.

26  As applied here, Plaintiff's SAC does not plausibly allege that Defendant itself

27  (as opposed to some third party) physically placed any of the calls at issue, as is

28  indisputably required to plead a direct TCPA liability claim and avoid dismissal

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

under the weight of applicable federal authority. Instead, Plaintiff's threadbare and conclusory allegations merely suggest that she was possibly called either by Defendant or by an unidentified "third party" acting "on behalf" on Defendant and at Defendant's "direction and control." Dkt. 28, ¶¶ 17, 20, 22, 29, 44, 45. Yet, Plaintiff still pleads no actual facts supporting these naked conclusions. For example, she does not allege any facts connecting AAG to the phone numbers purportedly used to call her or to the callers—*e.g.*, that (i) "AAG" or "American Advisors Group" was even mentioned by any caller, (ii) Defendant owned or used those phone numbers, (iii) she called any those numbers back and reached "AAG," or (iv) Defendant's current or former name (AAG) appeared on her Caller ID. *See id.* In short, despite her few amendments and Defendant's prior motion pointing out this fatal defect, the SAC still contains ***nothing*** that might support a plausible inference Defendant physically called her, as is necessary to plead direct TCPA liability. *See, e.g., Abante Rooter*, *Frank*, and *Salaiz, supra*; *Smith v. Direct Building Supplies, LLC*, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) (dismissing on this basis where complaint lacked such factual allegations about the numbers used and callers); *Aaronson*, 2019 WL 8953349, at *2 ("[W]ithout any facts to explain why plaintiff believes the identified phone number is owned by defendant, ... plaintiff has failed to plead facts sufficient to support a theory of direct liability under the TCPA because plaintiff's allegations do not show plausibly that defendant actually, physically initiated the telephone calls at issue.").

At best, Plaintiff now alleges that she received an email ***after*** one of the calls, from someone using an "American Advisors Group" domain name (*see* Dkt. 28, ¶ 24)—which courts in this District have held does not support an inference that Defendant itself physically placed that one call or any other calls Plaintiff supposedly received, standing alone. *See, e.g., Hamilton v. El-Moussa*, 2020 WL 2614625, at *2 (C.D. Cal. Feb. 10, 2020) (holding that alleged follow up email to plaintiff from defendant received after at-issue call insufficient to plausibly allege direct liability). Further, Plaintiff's new conclusory allegation that the calls "announced the

commercial availability of Defendant's mortgage finance products and services" (Dkt. 28, ¶ 39) does not save her from dismissal. On the one hand, she provides no description of the actual content of any of the calls to support an inference that she was offered any ***AAG-specific <u>reverse</u> mortgage*** products and services on any call (which is a specific type of mortgage that she alleges AAG offers), as opposed to the caller just asking about her "mortgage" generally. *See, e.g., Doyle v. GoHealth, LLC*, 2023 WL 3984951, at *5 (D.N.J. Mar. 30, 2023) (dismissing where plaintiff "failed to allege that [callers] were attempting to sell him [defendant's]-specific Medicare services[.]"). On the other hand, as noted above, it is well accepted that simply mentioning a defendant's name on a call (which Plaintiff does not allege happened here) or selling its products on a call does not support an inference that the defendant itself physically placed the call, as required to plead direct TCPA liability. *See, e.g., Bennett,* 2022 WL 865837, at *3; *Wick,* 2017 WL 2964855, at *3; *Bank,* 2015 WL 1650926, at *2; *see also Abante Rooter,* 2018 WL 288055, at *4 (dismissing and holding allegations that plaintiff received a call from someone purportedly calling on behalf of the defendant and who identified defendant by name were insufficient for direct TCPA liability).

Further, the foregoing new allegation is a "sham" allegation, seemingly added to Plaintiff's SAC just to avoid dismissal, and thus it should be rejected on its face. In Plaintiff's previous complaint, she alleged that the calls "announced the commercial availability of Defendant's ***hearing aid goods and services***" (Dkt. 17, ¶ 34 (emphasis added))—which Plaintiff acknowledges AAG does not sell—and not "mortgage finance products and services" as she now avers. Thus, even though it is entirely conclusory and not enough to plausibly allege direct TCPA liability standing alone, as demonstrated above, this Court need not accept this new contradictory allegation in Plaintiff's SAC as true for this motion. *See, e.g., Azadpour,* 2007 WL 2141079, at *2, n.2; *IV Sols., Inc.,* 2020 WL 5802017, at *2; *Forney,* 2017 WL 4685549, at *3.

Worse, Plaintiff's SAC only makes clear in the end that ***she still does not know*** who (if anyone) actually, physically called her in this case. In fact, as she did before,

Plaintiff repeatedly alleges, in a wholly conclusory fashion, that it was either AAG <u>or</u> an unidentified third party (or parties) who physically called her. *See, e.g.,* Dkt. 28, ¶¶ 17, 20, 22, 29, 44, 45. Such obviously "[c]ontradictory allegations" not only fail to state a direct TCPA liability claim, as the many authorities above show, but they also "are inherently implausible, and [thus] fail to comply with Rule 8, *Twombly*, and *Iqbal*" and cannot avoid dismissal under Rule 12(b)(6) in this or any case. *Hernandez v. Select Portfolio, Inc.,* 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015). *See also Bank,* 2015 WL 1650926, at *2 (allegations the at-issue calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of [defendant]" were "too conclusory to state a plausible claim" for direct TCPA liability). Therefore, both of Plaintiff's bald TCPA claims should be dismissed on direct liability grounds.

### 2. Plaintiff Fails to Plausibly Allege Vicarious TCPA Liability.

Plaintiff's attempt to plead vicarious TCPA liability fares no better. Indeed, in this or any context, vicarious liability cannot be casually pled (as Plaintiff did), and courts uniformly require pleading sufficient facts before an otherwise innocent defendant can be hauled into court for the alleged acts of a third party. Instead, federal courts apply common law agency principles to determine vicarious TCPA liability. *See Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018) (citing, *inter alia,* Restatement (3d) of ("Restatement") Agency § 1.01). This requires that all TCPA plaintiffs plead sufficient non-conclusory facts, in accordance with federal pleading standards, showing a special consensual relationship between a principal and an agent and the principal's control over the alleged agent. *See* Restatement, § 1.01, cmt. c.

More specifically, "[a]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017) (quoting *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1105 (9th Cir. 2017)). This means "more than mere passive permission;

it involves request, instruction, or command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017). "Though 'the precise details of the agency relationship need not be pleaded to survive [dismissal], sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.,* 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018) (quoting *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)). As one federal district court dismissing a TCPA case on this basis aptly noted, plaintiffs "must allege *some* facts regarding the relationship between an alleged principal and agent" showing the defendant had the right to control the caller and calls, and "cannot simply allege general control in a vacuum." *Melito v. Am. Eagle Outfitters, Inc.*, 2015 WL 7736547, at *7 (S.D.N.Y. Nov. 30, 2015) (emphasis in original). In short, the mere alleged "existence of *some* connections between the defendant and the maker of the call will not suffice" to plausibly allege vicarious TCPA liability and cannot avoid dismissal. *Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *3 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*, 2019 WL 1306064 (Mar. 22, 2019) (emphasis in original).

Further, in the TCPA context like in this case, the Ninth Circuit and other courts have widely recognized that vicarious liability cannot attach without the "essential ingredient" of control. *See, e.g., Jones,* 887 F.3d at 450. In this regard, "control" over an alleged caller in a TCPA case requires pleading specific non-conclusory facts suggesting that the defendant had control over "***the manner and means of the solicitation campaign that was conducted***" by the caller specifically, and not just "control" over an alleged agent generally. *In re Monitronics Int'l, Inc., TCPA Litig.*, 223 F. Supp. 3d 514, 520 (N.D.W.Va. 2016), *aff'd sub nom.,* 885 F.3d 243 (4th Cir. 2018) (emphasis added). *Accord Rogers v. Assurance IQ, LLC,* 2023 WL 2646468, at *6 (W.D. Wash. Mar. 27, 2023) (citing *Fabricant v. Elavon, Inc.*, 2020 WL 11884505, at *4 (C.D. Cal. Aug. 25, 2020)) (dismissing). *See also Meeks*, 2018 WL 1524067, at *6 (dismissing where there were no facts alleged that defendant controlled "whether, when, and to whom to send the text messages, along with their content"); *Bank*, 2019

WL 1306064, at *4 (dismissing where the plaintiff did not allege the defendant "had the power to give 'interim instructions' to [the agent], or any non-conclusory suggestion of 'direction' or 'control' by [the defendant] of [the agent]") (quoting *Jackson v. Caribbean Cruise Line, Inc.,* 88 F. Supp. 3d 129, 139 (E.D.N.Y. 2015)).

Thus, federal courts in the Ninth Circuit (including in this District) and elsewhere have consistently dismissed TCPA claims premised on vicarious liability at the pleading stage, like Plaintiff's, lacking sufficient facts establishing the defendant's control over an alleged third party caller and its calling campaign. *See, e.g.*, *Meeks*, *Linlor*, *Assurance*, *Fabricant*, and *TranzVia*, *supra*; *see also Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (determining plaintiff had not pled vicarious liability with "boilerplate" allegation as to agency that was "wholly conclusory"); *Canary*, 2019 WL 1275343, at *5-6 (determining plaintiff had not pled vicarious liability with "general and conclusory" allegations of agency where, as here, there was nothing showing defendant "exercised control" over the calls); *Hamilton v. El-Moussa*, 2020 WL 2614625, at *2-3 (dismissing, in part, on vicarious liability grounds where the agency allegations were merely conclusory and unsupported); *Barnes*, 2023 WL 2592371, at *3 (dismissing on this basis where plaintiff did not plausibly allege the defendant had an agency relationship with the caller, notwithstanding that she alleged she was transferred to the defendant and received an email from the defendant after the call); *Salaiz*, 2023 WL 2622138, at *3 (dismissing where plaintiff did not allege a viable agency theory); *Postmates,* 2020 WL 3869191, at *8 (dismissing where plaintiff failed to sufficiently "allege that [the defendant] had some degree of control over who sent the text and the manner and means by which it was sent"). This Court should reach the same conclusion here.

Indeed, Plaintiff's SAC remains utterly devoid of facts demonstrating the "essential ingredient" of control by Defendant over any third party caller and its calling campaign, as required to state a viable vicarious TCPA liability claim. Rather, Plaintiff merely uses legal buzzwords (like "agent") and concludes that unidentified third

parties called on its "behalf" or for its "benefit" with <u>zero</u> factual support. *See, e.g.,* Dkt. 28, ¶¶ 17, 20, 22, 29, 44, 45. As noted above, however, such bald conclusions do not remotely comply with federal pleadings standards and thus should not be accepted as true. *See, e.g., Brodish v. New Elec. Fresno, LLC*, 2021 WL 3914259 at *2 (C.D. Cal. July 13, 2021); *see also Fabricant*, 2020 WL 11884505, at *4 (dismissing where the plaintiff's agency "allegations [we]re not supported by facts that show[ed] 'how [the defendant] did those things or how it knew those things'") (quoting *TransVia*, 2017 WL 5992123, at *13); *Barker v. Sunrun Inc.,* 2019 WL 1983291, at *3-4 (D.N.M. Apr. 29, 2019) ("Plaintiff's alleged connection, that the offending calls were directed by or at least at the behest of Sunrun ... constitutes a legal conclusion."). And these unsupported allegations certainly do not plausibly allege Defendant had any specific "control" over the "manner and means" of the call campaign conducted by any third party caller, as required to avoid dismissal under Rule 12(b)(6) on this basis. *See, e.g., Postmates, Assurance, Fabricant*, *Hamilton*, *Canary*, and *Barnes*, *supra.*

      Plaintiff's new vicarious liability theory that Defendant somehow "ratified the making of any such call" and "further accepted the benefit of such calls by ultimately providing its products and services to customers who were contacted as a result of any such calls" (Dkt. 28, ¶ 20) does not save her from dismissal, either. On the one hand, these new allegations are likewise wholly conclusory and speculative, are lacking in any supporting facts, and thus do not remotely comply with basic federal pleading standards. *See* discussion at pp. 5-7, *supra*. On the other hand, Plaintiff's new ratification theory requires, among other things, sufficiently pleading "actual authority"—*i.e.,* alleging specific facts demonstrating Defendant had "control" over the caller and the manner and means of the call campaign—which Plaintiff plainly has <u>not</u> done here, as shown above. *See, e.g., Pascal,* 2019 WL 5212961, at *4. See also Linlor,* 2017 WL 588671, at *3 ("[T]he principal-agent relationship is still a requisite, and ratification can have no meaning without it.") (quoting *Batzel v. Smith,* 333 F.3d 1018, 1036 (9th Cir. 2003)); *Landy v. Nat. Power Sources, LLC,* 2021 WL 3634162,

at *3 (D.N.J. Aug. 17, 2021) (dismissing on this basis and holding "[a]n entity cannot be held [vicariously] liable under the TCPA 'merely because they stand to benefit from the call'") (citation omitted); *Hale v. Teledoc Health, Inc.*, 2021 WL 1163925, at *4 (S.D.N.Y. Mar. 25, 2021) ("[T]he inclusion of Teledoc's services in HII's insurance bundle, alone, is insufficient to permit even a circumstantial inference that HII called plaintiffs at Teledoc's direction or subject to Teledoc's control. Plaintiffs' conclusory allegations to the contrary are insufficient to 'nudge' plaintiffs' claims from conceivable to plausible."). Thus, any ratification theory fails from the very start.

Therefore, as Plaintiff has also failed to plausibly allege a vicarious liability theory, her entire SAC should be dismissed under Rule 12(b)(6) on this basis, as well.

\* \* \*

All told, Plaintiff's continued "either/or" pleading strategy has been rejected time and time again by countless federal courts. This Court should join them. Because Plaintiff fails to plead sufficient facts, in accordance with federal pleading standards, supporting a viable direct or vicarious TCPA liability claim, her entire SAC should be dismissed under Rule 12(b)(6). *See, e.g., Gulden v. Consol. World Travel Inc.*, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing and ruling that "*[b]ecause [the caller's] identity is a necessary element of all of Plaintiff's [TCPA] claims, this deficiency warrants dismissal of all of Plaintiff's claims*") (emphasis added).

### B.  Plaintiff Also Fails to Plead Facts Supporting Essential Elements of Her Claim Under Section 227(b) of the TCPA (Count I).

Beyond failing to plead a viable theory of liability, Plaintiff's claim in Count I of the SAC under Section 227(b) of the TCPA fails for two additional reasons:

**First**, in its watershed decision in *Facebook v. Duguid*, the U.S. Supreme Court unequivocally held that: (i) the TCPA "requires that in *all cases*, whether storing or producing numbers to be called, *the equipment in question must use a random or sequential number generator*"; and (ii) a "random or sequential number generator" is "a *necessary feature*" of any ATDS. 141 S. Ct. 1163, 1170, 1173 (2021)

(emphasis added). *See also Anyaebunam v. ARS Account Resolution, LLC, et al.,* 2021 WL 4775146, at *3 (D.N.J. Oct. 13, 2021) ("The use of such a device is **essential** to a TCPA claim.") (emphasis added). Thus, the vast majority of district courts in this Circuit and elsewhere applying *Facebook* (including in this District) have dismissed conclusory ATDS claims at the pleadings stage that, like Plaintiff's, lack facts supporting an inference a random or sequential number was actually used to place the at-issue calls. *See, e.g., Wilbor v. GG Homes, Inc.,* 2022 WL 867024, at *5 (S.D. Cal. Mar. 22, 2022); *Eggleston v. Reward Zone USA LLC*, 2022 WL 886094, at *4 (C.D. Cal. Jan. 28, 2022); *Austria v. Alorica, Inc.*, 2021 WL 5968404, *6 (C.D. Cal. Dec. 16, 2021); *Anderson v. Wells Fargo Bank, Nat'l Ass'n*, 2021 WL 7186811, at *4 (D. Or. Dec. 10, 2021), *report and rec. adopted sub nom.,* 2022 WL 595736 (Feb. 28, 2022); *Wilson v. Rater8, LLC, et al.,* 2021 WL 4865930, at *2-3 (S.D. Cal. Oct. 18, 2021); *Gross v. GG Homes, Inc.*, 2021 WL 4804464, at *2-4 (S.D. Cal. Oct. 14, 2021); *Tehrani v. Joie De Vivre Hospitality, LLC*, 2021 WL 3886043, at *6-7 (N.D. Cal. Aug. 31, 2021); *Borden v. eFinancial, LLC*, 2021 WL 3602479, at *5-6 (W.D. Wash. Aug. 13, 2021), *aff'd*, 53 F.4th 1230 (9th Cir. 2022); *Stewart v. Network Cap. Funding Corp.,* 2021 WL 3088011, at *2 (C.D. Cal. July 16, 2021); *Hufnus v. DoNotPay, Inc.,* 2021 WL 2585488, at *1-2 (N.D. Cal. June 24, 2021).

Moreover, in interpreting *Facebook*, the Ninth Circuit has made even more clear that a dialing system "does not qualify as an ATDS merely because it stores [or even dials] pre-produced lists of telephone numbers" and instead it must actually **generate** the numbers called. *Meier v. Allied Interstate LLC,* 2022 WL 171933, at *1 (9th Cir. Jan. 19, 2022). *See also Borden*, 53 F.4th at 1233 ("Based on the TCPA's statutory text and the Supreme Court's recent decision in [*Facebook*], we hold that an autodialer must randomly or sequentially generate **telephone** numbers, not just any number.") (emphasis in original); *Brickman v. U.S.,* 56 F.4th 688, 690 (9th Cir. 2022) (finding no ATDS violation where the caller "did not use a TCPA-defined autodialer that randomly or sequentially **generated** the telephone numbers in

1    question") (emphasis added). Applying these now well-accepted principles, this
2    Court should rule similarly and dismiss Plaintiff's ATDS allegations on this basis.

3         In this case, Plaintiff's SAC at best still simply parrots the wording of the
4    statutory text and *Facebook* and its progeny, and concludes without factual support
5    that the caller (whomever that was) employed an "autodialer" to contact her. *See,*
6    *e.g.,* Dkt. 28, ¶¶ 13, 25, 37, 38. These allegations do not remotely comply with federal
7    pleadings standards and could not survive dismissal even before *Facebook. See, e.g.,*
8    *Caruso v. Cavalry Portfolio Svcs.,* 2019 WL 4747679, at *4 (S.D. Cal. Sept. 30,
9    2019) ("Plaintiff's complaint simply parrots the statutory definition of an ATDS and
10   other provisions of the TCPA" without providing any call content or "any [other]
11   circumstances that could support an inference that the calls were placed with an
12   ATDS or artificial or prerecorded voice"); *Priester v. eDegreeAdvisor, LLC,* 2017
13   WL 4237008, at *2 (N.D. Cal. Sept. 25, 2017) ("[T]he court rejects any contention
14   that a TCPA plaintiff's pleading obligation is satisfied by generically alleging the use
15   of an ATDS by a defendant, in a manner that simply parrots the statutory language.").

16        Additionally, Plaintiff also seemingly alleges the caller "dialed" from a ***pre-***
17   ***produced*** number "list," which runs afoul of the Ninth Circuit's ruling in *Meier* and
18   its progeny; and it belies any notion her number was "generated" in any fashion. Dkt.
19   28, ¶ 37. *See also Eggleston*, 2022 WL 886094, at *4 (applying *Facebook*,
20   dismissing, and holding that "the equipment [involved] must use a number generator
21   to generate the phone numbers ***themselves***") (emphasis in original); *Samataro, et al.*
22   *v. Keller Williams Realty, Inc., et al.,* 2021 WL 4927422, at *4 (W.D. Tex. Sept. 27,
23   2021) (dismissing ATDS claim based on calls to numbers "compiled into a
24   preproduced list of phone numbers, as opposed to generated randomly by an
25   autodialer"). As such, Plaintiff's SAC does not and cannot plead an ATDS violation.

26        <u>**Second**</u>, Plaintiff likewise fails to plead any facts suggesting artificial or
27   prerecorded voice use. On this front, her "complaint must include some factual
28   allegations beyond 'the call had a prerecorded voice.'" *Smith v. Pro Custom Solar*

*LLC*, 2021 WL 141336, at *3 (D.N.J. Jan. 15, 2021). Again, while courts do not expect "technical specifications" about the specific delivery mechanism used, they do however uniformly require plaintiffs to plead sufficient supporting factual details from which a "prerecorded message" as opposed to a live human speaking can be inferred. *Johansen v. Vivant, Inc.*, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).

As such, courts have widely held that, to avoid dismissal of such a claim, a complaint must contain some factual allegations beyond merely concluding any voice heard was "prerecorded" or "artificial," and instead must provide sufficient contextual details from which it can be inferred that such a voice (as opposed to a live speaker) was used. *See, e.g., Trumper v. GE Capital Retail Bank,* 2014 WL 7652994, at *2 (D.N.J. July 7, 2014); *Curry v. Synchrony Bank, N.A.,* 2015 WL 7015311, at *2-3 (S.D. Miss. Nov. 12, 2015); *Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016); *Saragusa v. Countrywide,* 2016 WL 1059004, at *4 (E.D. La. Mar. 17, 2016), *aff'd* 707 F.App'x 797 (5th Cir. 2017); *Aaronson*, 2019 WL 8953349, at *3; *Caruso*, 2019 WL 4747679, at *4; *Manopla v. Sansone Jr's 66 Automall*, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020); *Winters v. Quicken Loans Inc.,* 2020 WL 5292002, at *4 (D. Ariz. Sept. 4, 2020); *Pro Custom Solar LLC*, 2021 WL 141336, at *3; *Assurance*, 2023 WL 2646468, at *4.

In this case, Plaintiff pleads no such contextual details in her SAC. Instead, she again merely repeats the statutory language without any supporting facts, and then baldly concludes that a "pre-recorded voice" was used. Dkt. 28, ¶¶ 22, 23. Such allegations are insufficient to plead a Section 227(b) TCPA claim, as the applicable federal authorities cited above (among many other cases) demonstrates. *See, e.g., Manopla*, 2020 WL 1975834, at *2 (dismissing TCPA complaint that was "devoid of facts from which the Court could reasonably infer that a pre-recorded message was utilized" where, as here, the plaintiff failed to allege facts "regarding the tenor, nature, or circumstances of the alleged calls" and "merely proffer[ed] the content of the message and conclusory allege[d] that Defendant utilized a pre-recorded

message"); *Smith v. Pro Custom*, 2021 WL 141336, at *3 ("Absent some minimal description of the voice or message, Smith has put forward no more than a conclusion—not any factual allegations that allow me to infer a right to relief. For that reason, his SAC fails to state a claim for TCPA liability based on a prerecorded voice."). Thus, Plaintiff's attempted "prerecorded voice" TCPA claim likewise fails.

### C.   <u>Plaintiff Also Fails to Plead Facts Supporting Essential Elements of Her Claim Under Section 227(c) of the TCPA (Count II).</u>

Plaintiff's new DNC claim under Section 227(c) of the TCPA in Count II of the SAC likewise fails and should be dismissed for several additional reasons:

<u>**First**</u>, because Plaintiff fails to plead facts supporting direct or vicarious TCPA liability, as discussed at length above, she has not adequately alleged that she received more than one call physically initiated "by or on behalf of the same entity" in a 12-month period, as required. 47 U.S.C. § 227(c)(5) (emphasis added). Thus, her DNC claim naturally fails from the start. *See, e.g., Freedom Forever, LLC*, 2019 WL 1790471, at *4 (dismissing DNC claim for not meeting this element where plaintiff failed to plausibly allege any facts supporting direct or vicarious TCPA liability).

<u>**Second**</u>, on its face, Section 227(c) of the TCPA only applies to a "residential telephone subscriber." 47 C.F.R. § 64.1200(c)(2). *See also Satterfield,* 569 F.3d at 954 ("The TCPA was enacted to 'protect the privacy interests of residential telephone subscribers....'") (quoting S. Rep. No. 102-178, at 1 (1991)). However, conclusory allegations or parroting the statutory text in this regard will not suffice either. Instead, it is well-accepted that all TCPA plaintiffs who wish to bring DNC claims must plead sufficient specific facts demonstrating that the subject phone number upon which the alleged calls were received is ***actually used*** for "residential" purposes. *See, e.g., Morgan v. U.S. Xpress, Inc.,* 2018 WL 3580775, at *2 (W.D. Va. July 25, 2018); *Smith v. Vision Solar LLC,* 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020); *Hicks,* 2020 WL 9261758, at *5; *Gillam v. Reliance First Capital, LLC,* 2023 WL 2163775, at *4 (E.D.N.Y. Feb. 22, 2023); *Assurance,* 2023 WL 2646468, at *4; *Kemen v.*

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

*Cincinnati Bell Tel. Co., Inc.*, 2023 WL 361136, at *5 (S.D. Ohio Jan. 23, 2023). This is true even where the subject phone number is purportedly listed on the National DNC Registry. *See, e.g., Smith v. Vision Solar LLC*, 2020 WL 5632653, at *3 (dismissing where plaintiff did not allege the "cell phone line in question is his residential phone, as required" to state such a claim under federal pleading standards); *see also id.,* Case No. 2:20-cv-02185 (E.D. Pa.), Dkt. 1, ¶ 17 (dismissed complaint in *Vision Solar*, alleging that the plaintiff's cell phone number was registered on the National DNC Registry); *Hicks,* 2020 WL 9261758, at *5 ("Plaintiff argues at length that cellular phone numbers are eligible for listing on the Do Not Call registry—which appears to be undisputed—but his argument never returns to the facts of ***this*** case or the use of his phone.") (emphasis in original).[8] Plaintiff does not plead this element.

As applied here, Plaintiff pleads no facts in her SAC whatsoever indicating how her cell phone number is actually used, as courts uniformly require on this front, let alone facts supporting an inference it is the "primary means" of reaching her at her residence. Therefore, Count II should be dismissed for this reason, as well.

**Third**, Section 227(c) of the TCPA, again on its face, "relates solely to telemarketing and solicitation calls." *Warnick v. Dish Network LLC*, 301 F.R.D. 551, 558 fn. 3 (D. Colo. 2014). Thus, to survive dismissal here, Plaintiff must also plead facts suggesting her receipt of a "telephone solicitation," which is defined in the TCPA's implementing regulations as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services…." 47 C.F.R. § 64.1200(f)(15). However, Plaintiff's SAC here includes virtually no facts, beyond her naked conclusions, regarding the content of the calls at-issue from which it can be reasonably inferred that any or all of them

---

[8] Further, as one district court aptly noted, whether someone qualifies as a "residential telephone subscriber" for purposes of a TCPA DNC claim generally depends on certain conditions, including in particular that the subject phone number on which the alleged calls were received "is the ***primary means of reaching the individual at their residence***—that is, there is ***no other landline or phone at their residence which is instead the primary means of reaching them***" there. *Mantha v. QuoteWizard.com, LLC,* 2022 WL 325722, at *6 (D. Mass. Feb. 3, 2022) (emphasis added).

Manatt, Phelps &
Phillips, LLP
Attorneys At Law

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

constituted a "telephone solicitation" as defined by the implementing regulation above. In this regard, Plaintiff's SAC at best: (1) alleges that the caller "***asked*** how much Plaintiff paid on her mortgage and the amount remaining on the mortgage"; and (2) from this threadbare allegation, she contradicts her previous allegations that the callers offered "hearing aid goods and services" and concludes, albeit still without factual support, that the calls "were for telemarketing purposes and announced the commercial availability of Defendant's mortgage finance products and services." Dkt. 28, ¶ 38. In addition to being a regurgitation of the statutory text, Plaintiff's conclusory allegations on this front are plainly insufficient to avoid dismissal, as well. *See, e.g., Eggleston,* 2022 WL 886094, at *7 (dismissing DNC claim where the plaintiff "simply relie[d] on conclusory labels such as 'advertisement' and 'promotion' without any supporting factual detail" and noting this "falls short of [p]laintiff's pleading burden to provide sufficient factual matter to state a plausible claim"); *Katz v. CrossCountry Mortg., LLC,* 2022 WL 16950481, at *6 (N.D. Ohio Nov. 15, 2022) (same, holding: "Without factual allegations as to the content of these calls, Plaintiff's [complaint] fails to properly allege that such calls were solicitations under the TCPA."). Therefore, Count II should be dismissed on these grounds, too.

### D. The SAC Should Also Be Dismissed under Rule 12(b)(1) for Lack of Federal Subject Matter Jurisdiction / Article III Standing.

Dismissal of a complaint is <u>required</u> under Rule 12(b)(1) for lack of federal subject matter jurisdiction where a plaintiff fails to establish his or her Article III standing. *See, e.g., Washington Env't Council v. Bellon*, 732 F.3d 1131, 1147 (9th Cir. 2013). "The absence of any one element [out of the three required] deprives a plaintiff of Article III standing and requires dismissal." *Aspen v. Newsom,* 2010 WL 2721458, at *1 (N.D. Cal. July 7, 2010) (citing *Whitmore v. Federal Election Comm'n,* 68 F.3d 1212, 1215 (9th Cir. 1995)). Further, where a plaintiff lacks Article III standing to seek a particular form of relief, like injunctive relief, the Court lacks federal subject matter jurisdiction to award it and may dismiss that claim. *See, e.g., Miller v. Time*

*Warner Cable Inc.*, 2016 WL 7471302, at *2-4 (C.D. Cal. Dec. 27, 2016). Here, the entire SAC is further subject to dismissal under Rule 12(b)(1) for multiple reasons:

**First**, Plaintiff's failure to plausibly allege direct or vicarious TCPA liability, as discussed above, means she has also not established the causation and redressability elements for Article III standing. *See, e.g., Freidman*, 2013 WL 3026641, at *4 (no standing where plaintiff did not plead direct or vicarious liability); *Hicks*, 2020 WL 9261758, at *5 (same, dismissing under Rule 12(b)(6) and 12(b)(1)).

<u>**Second**</u>, to meet the "causation" element, the "injury in fact" must be "fairly traceable" to the ***defendant's*** conduct, rather than to a ***third party's***. *Lexmark*, 572 U.S. at 125; *see also Lujan*, 504 U.S. at 560-61 (an injury is not fairly traceable if the injury complained of is "th[e] result [of] the ***independent action of some third party not before the court***") (quoting *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 41-42 (1976)) (emphasis added). As shown above, Plaintiff's conclusory allegations suggest, at most, that the alleged calls complained of and the injury (if any) that the calls may have caused her are indeed the result of a third party not before this Court. *See* discussion at pp. 3-5 and 8-17, *supra*. Thus, Plaintiff has not satisfied the requisite causation/traceability element, requiring dismissal under Rule 12(b)(1).

**Third**, because Plaintiff has pled no facts showing any wrongful conduct attributable ***to*** Defendant, her injuries are incapable of being redressed ***by*** Defendant. *See Wash. Envtl. Council*, 732 F.3d at 1146 (All plaintiffs must show a "connection between the alleged injury and requested judicial relief."). Indeed, imposing statutory or other damages on Defendant or enjoining it cannot possibly adequately redress, let alone prevent or correct, TCPA violations by third parties beyond its control.

**Fourth**, to establish Article III standing to seek injunctive relief in ***any*** federal case, Plaintiff must plead plausible facts suggesting a possible future injury to herself. *See, e.g., Jones v. Nutiva, Inc.*, 2017 WL 3617104, at *4 (N.D. Cal. Aug. 23, 2017); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108-09 (1998) (a "generalized interest in deterrence" is insufficient to demonstrate Article III standing

Manatt, Phelps & Phillips, LLP
Attorneys At Law

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

for injunctive relief). Failure to allege such facts warrants dismissal of the request. *See, e.g., Miller*, 2016 WL 7471302, at *2-4 (dismissing request for injunctive relief in TCPA case on this basis); *Schaevitz v. Braman Hyundai, Inc.,* 437 F. Supp. 3d 1237, 1251-52 (S.D. Fla. 2019) (same). In this case, Plaintiff only makes a generalized requests for injunctive relief (*see, e.g.,* Dkt. 28, ¶¶ 5, 28, 34, and Prayer), but does not allege facts suggesting *she* is at risk of a possible *future* injury—*i.e.,* that she may possibly receive unlawful calls by or on behalf of Defendant in the future. Therefore, Plaintiff's requests for injunctive relief should be dismissed at the minimum.

### E.   <u>Any Dismissal Should Be With Prejudice</u>.

Plaintiff already amended but, despite having the benefit of Defendant's prior dispositive motion laying out many of the same fatal defects above (*see* Dkt. 23), she ultimately did not cure those defects and in some ways made those defects worse, as demonstrated above. District courts in the Ninth Circuit routinely dismiss with prejudice in such circumstances. *See, e.g.*, *Frame v. Cal-W. Reconveyance Corp.,* 2011 WL 3876012, at *3 (D. Ariz. Sept. 2, 2011) (dismissing with prejudice where "despite the benefit and existence of fully-briefed motions to dismiss, [p]laintiff's First Amended Complaint fail[ed] to cure the deficiencies noticed in [d]efendants' prior motions"). This Could should rule similarly in the present case. Plaintiff has had her "day in court" and, if she had any actual facts to allege, she could (and should) have pled them by now. That she did not leads to but one conclusion: no such facts exist.

## V.   <u>CONCLUSION</u>

For all the above reasons, the Court should dismiss Plaintiff's SAC in its entirety and with prejudice under Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1).

Dated: October 11, 2023

Respectfully submitted,

**MANATT, PHELPS & PHILLIPS, LLP**

By: /s/ John W. McGuinness
John W. McGuinness

*Counsel for Defendant*

1

## <u>CERTIFICATE OF SERVICE</u>

2

3   The undersigned counsel for Defendant certifies that the foregoing document was

4   served on all Parties and their counsel of record through the Court's CM/ECF filing

5   system on October 11, 2023.

6

7

8                                   By: /s/ John W. McGuinness
                                        John W. McGuinness
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT